# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO U. RODRIGUEZ, | Case No. 1:14-cv-00463 DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| WARDEN, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Alejandro U. Rodriguez ("Plaintiff") is a former state[1] prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action in the Central District of California on February 10, 2014.

On March 27, 2014, the Central District issued an order severing and transferring two of the claims to this Court. Accordingly, as is relevant to the action before this Court, Plaintiff names the Warden of California City Correctional Facility ("CCCF") and the Fresno County Sheriff as Defendants.[2]

**A.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff was incarcerated for a period of time in federal prisons.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 14, 2014.

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS[3]**

Plaintiff has been released from custody. The events at issue occurred at CCCF and the Fresno County Jail.

Plaintiff's allegations are sparse. He contends that he was beaten by Deputy Sheriffs at the Fresno County Jail. He alleges that the Fresno County Sheriff did "very little" to ensure that Plaintiff was adequately treated after the beating, which resulted in a broken shoulder and other injuries. ECF No. 6, at 5.

Plaintiff also alleges that the Warden of CCCF "did nothing in terms of treatment" once Plaintiff's injuries were brought to the attention of his medical staff. ECF No. 6, at 5.

Plaintiff requests injunctive relief and damages.

**C.     DISCUSSION**

1.     Rule 8

As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Here, Plaintiff fails to present any facts to support his contention that his constitutional rights were violated. His legal conclusions are not sufficient to state a claim. Plaintiff must therefore amend his complaint and present the facts surrounding his alleged violations.

The Court provides the following standards to assist Plaintiff in amending his complaint.

---

[3] It appears that Plaintiff may not have attempted to exhaust his claims. Plaintiff states that he did not file a grievance concerning the facts at issue because it would be futile. Failure to exhaust is an affirmative defense, however, and Defendants bear the burden of demonstrating a failure to exhaust. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007).

3

2.      Supervisor Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

Here, Plaintiff names the Warden of CCCF and the Fresno County Sheriff as the sole Defendants. Therefore, to state a claim against them, he must allege facts to show that they were personally involved in the alleged deprivation, or a sufficient causal connection to the violation.

3.      Eighth Amendment Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

To the extent that Plaintiff was a pretrial detainee while he was incarcerated at the Fresno County Jail, his rights would be protected under the Due Process Clause of the Fourteenth

Amendment.  However, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### 4. Rule 18

Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members at different prisons.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As Plaintiff has failed to allege sufficient facts to state a claim, the Court cannot determine whether Defendants are property joined in this action.  In amending, Plaintiff should consider the requirements of Rule 18.

### 5. Official Capacity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

Here, Plaintiff names the Warden of CCCF in his official capacity.  While he seeks both injunctive relief and monetary damages, he cannot sue the Warden, a state official, in his official capacity for monetary damages.

### 6. Municipal Liability

"An official capacity suit against a municipal officer is equivalent to a suit against the entity." Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985)).

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

### D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

1 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

    Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

    Dated:   **October 17, 2014**                              /s/ *Dennis L. Beck*
                                                                     UNITED STATES MAGISTRATE JUDGE