# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO U. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00463 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE |

　　　　Plaintiff Alejandro U. Rodriguez ("Plaintiff") is a former state[1] prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action in the Central District of California on February 10, 2014.

　　　　On March 27, 2014, the Central District issued an order severing and transferring two of the claims to this Court.

　　　　On October 17, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff was given thirty (30) days to file an amended complaint. More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

---

[1] Plaintiff was incarcerated for a period of time in federal prisons.

1

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since February 10, 2014, and there is no operative complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's October 17, 2014, order warned Plaintiff that his action may be dismissed if he did not file an amended complaint.

### **ORDER**

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to obey the Court's October 17, 2014, order and for failure to prosecute. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **December 13, 2014**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE